W. E. SWIFT v. THE CITY OF TOPEKA.

1. BICYCLE — *Kansas River Bridge — City Ordinance, Not Violated.* A person who rides on his bicycle across that part of the Kansas river bridge which is used for the passage of street cars, carriages, and other vehicles, does not violate § 17 of city ordinance No. 861, of the city of Topeka, that reads as follows:

"It shall be unlawful for any person to ride on any bicycle or velocipede upon any sidewalk in the city of Topeka, or across the Kansas river bridge. Any person violating this section shall, upon conviction thereof, be fined in a sum not less than one dollar nor more than ten dollars for each offense."

2. ———— *Construction of Ordinance.* Whenever a city ordinance can be so construed and applied as to give it force and validity, this will be done by the courts, although the construction so put upon it may not be the most obvious and natural one, or the literal one.

*Appeal from Shawnee District Court.*

THE case is stated in the opinion, filed on May 10, 1890.

*Johnson, Martin & Keeler,* for appellant.

*S. B. Isenhart,* city attorney, *contra.*

Opinion by SIMPSON, C.: W. E. Swift was convicted in the police court of the city of Topeka of violating § 17 of the ordinance of said city, No. 861, and fined the sum of one dollar and costs. From this conviction he appealed to the district court of Shawnee county, where a jury was waived, and

a trial had by the court that resulted in his conviction, and a fine of one dollar and costs imposed. He brings the case here for review, and alleges the invalidity of the ordinance as a cause for reversal. Section 17 of the ordinance in question reads as follows:

"It shall be unlawful for any person to ride on any bicycle or velocipede upon any sidewalk in the city of Topeka, or across the Kansas river bridge. Any person violating this section shall, upon conviction thereof, be fined in a sum not less than one dollar nor more than ten dollars for each offense."

It was admitted at the trial that the defendant, W. E. Swift, on the 21st day of June, 1889, was riding upon a bicycle across the Kansas river bridge, situated on Kansas avenue, within the corporate limits of the city of Topeka; that he was engaged in riding his bicycle across the said bridge when he was arrested, which bridge is 900 feet long, and spans the Kansas river between North and South Topeka; that the main part of said bridge is constructed wide enough for teams to pass each other going in opposite directions, being about seventeen feet in the clear; that on each side of the wagon-road there is a passage-way for foot passengers, and that the defendant was riding his bicycle, at the time named in the complaint, on that part of the bridge used for wagons, carriages, and other vehicles; that the bridge just described is the only bridge on the Kansas river between North and South Topeka, and is the only means of communication between those points; that it is used and occupied with a double track by the Topeka City Railway Company, which continually runs its street cars between the two points named; that there is a large travel across said bridge, between the two parts of the city of Topeka, by vehicles drawn by horses and otherwise, and that teams and other vehicles are constantly passing over said bridge each way. It is further shown by the evidence that a bicycle can be driven at the rate of from two to twenty miles per hour; that the ordinary and usual rate of speed is eight miles per hour; that it can be stopped

within from two to twenty feet, when being driven at the rate of ten miles per hour, the limit within which it can be stopped depending somewhat on the kind of bicycle and the experience of the rider; that bicycles have been in use in this city for several years, and at the time of this arrest that there were more than one hundred in constant use in the city. These are the substantial and material facts which are shown by the record.

It will be seen by an ordinary inspection of the record that the ordinance only prohibits the use of a bicycle or velocipede upon any sidewalk in the city of Topeka, or across the Kansas river bridge. It does not, either in express terms or by fair implication, forbid riding upon a bicycle on the roadway, or that part of any of the public streets which is devoted to the use of carriages, wagons, and other vehicles; and while the ordinance is subject to the construction that it was only along or across the foot passage-way or sidewalk of the Kansas river bridge that persons were forbidden to ride on bicycles, yet for the present we shall adopt the construction necessarily adhered to by the trial court, that the ordinance intended to forbid all riding upon bicycles across any part of the Kansas river bridge. It is an admitted fact in this case, that at the time of the arrest Swift was riding his bicycle on that part of the bridge used for wagons, carriages, and other vehicles. A bicycle is defined by lexicographers, and by the courts of England and of this country, to be a carriage. (Webster's Dictionary; *Taylor v. Goodwin*, 40 L. T. Rep. N. S. 458; *Mercer v. Corbin*, 117 Ind. 450; 2 Am. & Eng. Ency. of Law, 191; *The State v. Collins*, 17 Atl. Rep. 131, decided by supreme court of Rhode Island in December, 1888.)

A bridge in the city of Topeka is a part of the public street. (*City of Eudora v. Miller*, 30 Kas. 494.) The exact question then is, have the authorities of the city of Topeka, by an ordinance, the power to forbid Swift from riding upon his carriage on that part of a public street of the city devoted to the use of vehicles? This statement of the question necessarily assumes that the power of the city could be exercised to pre-

vent the use of bicycles along the sidewalks of the public streets, (and these sidewalks will include the footways across the bridge,) to the same extent as the use of all other kinds of vehicles, no matter how propelled, could be prevented. Public streets are highways, and every citizen has a right to use them. Both the sidewalks and roadways must remain unobstructed, so that people can walk along one without interruption or danger, or drive along the other without delay or apprehension. One of the most imperative duties of city governments in this country is to keep their public streets in such a condition that citizens can travel along them with safety and without any unnecessary delay. Each citizen has the absolute right to choose for himself the mode of conveyance he desires, whether it be by wagon or carriage, by horse, motor or electric car, or by bicycle, or astride of a horse, subject to the sole condition that he will observe all those requirements that are known as the law of the road. This right of the people to the use of the public streets of a city is so well established and so universally recognized in this country, that it has become a part of the alphabet of fundamental rights of the citizen. While the tyranny of the American system of government very largely consists in the action of the municipal authorities, this right has not yet been questioned or attempted to be abridged. There can be no question, then, but that a citizen riding on a bicycle in that part of the street devoted to the passage of vehicles, is but exercising his legal right to its use, and a city ordinance that attempts to forbid such use of that part of a public street would be held void as against common right.

It may be said of bicycles, with greater force, as was said of the first use by railroads of public streets, that they are not an obstruction to, or an unreasonable use of, the public streets of a city, but rather a new and improved method of using the same, and germane to their principal object as a passage-way. (Mills, Em. Dom., §199; *Briggs v. Horse Rly. Co.*, 4 N.E.Rep. 546; 79 Me. 363; *Slattern v. D. M. Rly. Co.*, 29 Iowa, 149.) So that if the construction necessarily given

to this ordinance of the city of Topeka should prevail, we would be compelled to say that the part of the ordinance that forbids a citizen from riding across any part of the Kansas river bridge is of no validity.   But if a statute or a city ordinance is susceptible of two different constructions, that one must prevail that will preserve the validity of the ordinance, in preference to a construction that will render it invalid; and this must be done although the construction adopted may not be the most obvious or natural one, or the literal one. (*Newland v. Marsh*, 19 Ill. 376; *Iowa Co. v. Webster Co.*, 21 Iowa, 221; *Roosevelt v. Godard*, 52 Barb. 533; *Colwell v. Landing Co.*, 4 Green, N. J., 245; *Bigelow v. Railroad Co.*, 27 Wis. 478; *Dow v. Norris*, 4 N. H. 17; Cooley's Const. Lim. 184; *Inkster v. Carver*, 16 Mich. 484.)   Hence we say that the true intent and meaning of § 17 of the city ordinance in question is, that all persons are forbidden to ride on bicycles upon any sidewalk in the city, or the sidewalks or footways of the Kansas river bridge.   Sidewalks are intended, constructed and used solely by pedestrians, and not for the use of vehicles. It is presumably true that every organized town or city in this country forbids the use of its sidewalks to vehicles of every description.   A bicycle, being a carriage, can properly be excluded from the use of sidewalks, and persons riding on them should be forbidden to occupy the sidewalks and footways of the public streets, at least longitudinally, along such sidewalks or footways.   They should be permitted to go across them at such public places as other vehicles are permitted to cross.   With this construction of the ordinance, it is plain that Swift has not violated its provisions, and that his conviction was wrongful.

The judgment of the district court is reversed, and the cause remanded, with instructions to dismiss the prosecution and discharge the appellant.

By the Court: It is so ordered.

All the Justices concurring.