## ELIZA LUDLOW *vs.* THE CITY OF FARGO.

Opinion filed December 19th, 1893.

**Municipal Corporations—Duty to Keep Streets Free From Obstructions.**

Cities which have been organized or reorganized under the general law of this state (Comp. Laws, § 844 *et seq.*) are charged with full power and responsibility in the matter of the streets, sidewalks, and crossings within their limits; and the duty of establishing streets and removing obstructions therefrom is a duty expressly enjoined by the statute. In performing such duties, cities are liable in a civil action to persons who, in the exercise of due care, receive injuries caused by negligent acts done either by the city officials or others who are acting for the city and under its authority. The cities so organized and governed are impliedly liable for damages caused by their wrongful or negligent acts, and no express statute making them liable is necessary. Accordingly, *held*, that the following instruction, given by the trial court to the jury, is not error: "The general rule is that, in the case of a highway, a municipal corporation is answerable in damages for the lack of ordinary and reasonable care, and is held to the same rule of negligence which is expected of private persons in the conduct of their business involving a like danger to others."

**Liability to Traveler—Notice of Defect.**

A ditch was dug across one of the public streets of the City of Fargo by workmen acting under the authority of the city. The workmen left the ditch ungarded, and without a light to warn the public of danger. After dark the plaintiff was driving along said street, and drove into the ditch, and was thrown from her carriage and injured. *Held*, that these facts show that the obstruction in the street which caused the injury complained of was the result of the direct act of the city, and in such a case the plaintiff was not obliged, in order to recover, to show either actual or constructive notice to the city of the existence of the obstruction.

**Evidence—Sufficiency of.**

Evidence examined, and *held* to be sufficient *prima facie* to show that the ditch which caused the injury was dug by workmen who were acting under the authority of the city.

Appeal from District Court, Cass County; *McConnell*, J.

Action for personal injuries by Eliza Ludlow against the City of Fargo. There was judgment for plaintiff, for $300, and defendant appeals.

Affirmed.

*M. A. Hildreth*, for appellant.

A city is not liable for the neglect of its officers unless made so by statute. *Chope* v. *City*, 78 Cal. 588; *Arnold* v. *San Jose*, 81 Cal. 618; *Crowell* v. *Sonoma County*, 25 Cal. 312; *Howard* v. *San Francisco*, 51 Cal. 52; *Winbigler* v. *Los Angeles*, 45 Cal. 38; *Trauter* v. *Sacramento*, 61 Cal. 271; *City* v. *Pearce*, 46 Tex. 525; *Detroit* v. *Blakeby*, 21 Mich 841, (4 Am. Rep. 450;) *Hill* v. *Boston*, 122 Mass. 346, (23 Am. Rep. 332;) *Morgan* v. *Hallowell*, 51 Me. 375; *Pray* v. *Jersey City*, 32 N. J. L. 394.

A city is not liable to private action for neglect to perform a corporate duty imposed by general law on all cities and towns alike, and from the performance of which they derive no compensation or benefit in their corporate capacity. *Hill* v. *Boston*, 122 Mass. 343; *Oliver* v. *Worcester*, 102 Mass. 489; *Harwood* v. *Worcester*, 153 Mass. 426; Beach on Pub. Corp. § 981 and 749; *Pollock* v. *Louisville*, 26 Am. Rep. 260; *Ham* v. *Mayor*. 70 N. Y. 458; *Child* v. *Boston*, 81 Am. Dec. 680, 15 Am. and Eng. Enc. Law 1141.

*Fred B. Morrill*, for respondent.

Where the duty to keep streets in repair is in terms enjoined upon the corporate authorities and they are supplied with the means to perform it, the corporation is liable, without an express statute declaring the liability to one injured by its neglect to discharge this specific duty. *Wrightman* v. *Washington*, 66 U. S. 39; *James* v. *City of Portage*, 5 N. W. Rep. 31; *Estelle* v. *Lake Crystal*, 6 N. W. Rep. 775; *Triese* v. *St. Paul*, 32 N. W. Rep. 857; *Klatt* v. *Milwaukee*, 10 N. W. Rep. 162; *Delger* v. *St. Paul*, 14 Fed. Rep. 567; *City* v. *Woodward*, 27 N. W. Rep. 110; *Plattsmouth* v. *Mitchell*, 29 N. W. Rep. 593; *Whitefield* v. *City*, 14 Am. St. Rep. 596; *Knightstown* v. *Musgrove*, 9 Am. St. Rep. 827; *Welter* v. *St. Paul*, 12 Am. St. Rep. 752; *Larson* v. *Grand Forks*, 3 Dak. 307, 19 N. W. Rep. 414. The ditch was dug by workmen in the employ of the city and under the direction of the street commissioner—this was the act of the city—and the doctrine of actual or implied notice has no application. *Wilson* v. *Troy*, 18 L. R. A. 449; *Pettengill*, v. *Yonkers*, 116 N. Y. 558; *Walsh* v. *New York*, 107 N. Y. 220;

*Turner* v. *Newburg,* 109 N. Y. 301; *Brusso* v. *Buffalo,* 90 N. Y. 679; *Nelson* v. *Canistoe,* 100 N. Y. 89; *Barnes* v. *District of Columbia,* 91 U. S. 540.

WALLIN, J. The action is brought to recover damages for personal injuries received by the plaintiff while driving along a public street within the City of Fargo, about 9 o'clock at night. The principal facts are undisputed. A small trench had been dug across the street, and was left unguarded, and no lights, fence or other warnings to the public were placed at or about the ditch. The plaintiff drove into the ditch, and was thrown from her carriage and injured. The evidence shows that one Maurice Holcomb directed the ditch to be opened, and the ditch was dug by him and others who were working under his direction. The excavation was made Saturday afternoon, and the accident occurred the Sunday evening next following. Holcomb testified that he was street commissioner of Fargo at the time in question, and was asked the following, among other, questions: "Q. Did you have a man there employed by the city, and did you direct him to do it? A. Yes, sir. I had a man to work at different places. Q. Did they did this ditch under your direction? A. As I said, I don't know as I can answer that question without explaining myself. It was at the time of the high water here last March. It had thawed, and then froze up again quite suddenly, and froze all the water boxes full of ice, and when it commenced to thaw and rain it flooded this part of town so that many sidewalks were under water, and we were trying to dispose of the water as best we could, and turn it in a different direction whenever we found it swollen. I took out the Saturday afternoon gang up to this little church, where this ditch was, and the water came up covering the sidewalk. I sent a man over, and the water was driving across the street, and I opened a little channel there so that the water, instead of backing any further up the church steps, would run across, and go into the culvert on the other side. I directed the man to open it." No city ordinance or other evidence was introduced tending to show that

the office of street commissioner of the city of Fargo ever existed or had ever been created prior to the trial or at any time. At the close of the testimony, defendant's counsel requested the court to take the case from the jury chiefly upon the grounds following: "The plaintiff has failed to establish that defendant had either actual or constructive notice of the ditch in question; (2) that there is no sufficient evidence to show any negligence on the part of defendant, its officers, agents, or servants." The request was denied, and defendant saved an exception to the ruling. The court instructed the jury, in substance, that corporations, like individuals, are responsible in damages for injuries caused by their negligence, and particularly "that in case of highways a municipal corporation is answerable in damages. for the lack of ordinary and reasonable care." Defendant excepted to such instruction.

In his brief, counsel for appellant says: "The single question presented to this court is whether, under our statute, the defendant is liable." The only proposition advanced or discussed by the appellant's counsel is thus stated: "A city is not liable for the neglect of its officers unless made so by statute." To sustain this view counsel cites several cases from California, among them *Chope* v. *City of Eureka*, 78 Cal. 588, 21 Pac. 364; also *City* v. *Pearce*, 46 Tex. 525; *Hill* v. *City of Boston*, 122. Mass. 346, and other cases. We quote further from the brief of appellant's counsel: "In the case of *Chope* v. *City of Eureka*, which was an action brought for alleged personal injuries caused by the plaintiff falling into an excavation for a sewer within the corporate limits of defendant, the court say: 'It has long been the settled law of this state that a municipal corporation is not liable for personal injuries to individuals such as that claimed to have been sustained by the plaintiff where there is no statutory provision declaring such liability.'" Counsel further proceeds as follows: There is a dissenting opinion in the above case, in which § 1024 of Dillon on Municpal Corporations is quoted and indorsed. The section of Dillon quoted is undoubtedly good law, but it does not appear to be in

point, or in any way effect the case at bar. It refers to cases where streets have been rendered unsafe by the direct act, order, or authority of the municipal·corporation. There can be no question as to the soundness of this proposition." The section thus indorsed by counsel as undoubtedly sound reads as follows: "Section 1024. Where streets have been rendered unsafe by the direct act, order, or authority of the municipal corporation (not acting through independent contractors, the effect of which will be considered presently,) no question has been made, or can reasonably exist, as to the liability of the corporation for injuries thus produced, where the person suffering them is without fault, or was using due care. Even in those states in which a municipality is not held impliedly liable to a private action for neglecting to keep its streets in repair, it is yet held to be liable if it, or its officers under its authority, by positive acts place obstructions on the streets, or by such acts otherwise render them unsafe, whereby travelers are injured." We fully agree with counsel that the law as above stated by Judge Dillon is "undoubtedly good law." It is now elementary law that municipal corporations as well as natural persons are liable for injuries suffered in consequence of their direct acts. *New York* v. *Sheffield*, 4 Wall. 189; *Chicago* v. *Hesing*, 83 Ill. 204. But we must differ with counsel as to his statement that the law as stated above "does not appear to be in point, or in any way affect the case at bar." On the contrary, we think the law as stated by Judge Dillon in § 1024, *supra*, embraces the facts, and must control the decision of this case. The testimony above set out makes it clear that the ditch which was the cause or occasion of plaintiff's injury was dug across one of the public streets of the City of Fargo, and was left until after dark, and until the accident occurred, without light, guard, or protection of any kind, and that the digging was done by those who were acting for the city, and working under its authority and pay.

Under the statute this court is required to take notice judicially of the various provisions of the general law governing the

organization of cities, and also notice the fact that Fargo was reorganized as a city under the provisions of such general law. Comp. Laws, § § 844, 847. Cities which are governed by the general law are clothed with extensive powers over a wide range of subjects. The council controls the city's finances, can levy taxes, and has other large sources of revenue. With respect to streets, sidewalks, and crossings within the city it has full and absolute control. It can not only open streets, and grade and improve the same, but it may "regulate the use of the same;" also "prevent and remove obstructions and encroachments upon the same;" also "provide for the closing of the same." Id. § 885, subds. 7-21. From the testimony in the record it appears that these statutory powers and duties were, at the time the ditch was dug, being actively exercised and performed by certain workmen, who were acting under the direction of a man who testified that he was street commissioner of the City of Fargo. The workmen, at the time the ditch in question was dug, were engaged in endeavors to remove accumulations of surface water which had backed up on the streets and sidewalks in the immediate vicinity of the ditch. The excavation itself was only one of a variety of means used by the workmen to draw off the surface water which had encroached upon the streets, and was then seriously obstructing the same. From this it appears that the statutory duties of the city with respect to the streets and sidewalks within the city were being performed by the workmen who dug the ditch and left it unguarded. At least one of the workmen was in the pay of the city, and, as has been shown, all of them were at the time the ditch was dug engaged in performing work upon the streets of the city which the city is bound to perform by the express terms of its charter. This evidence is not disputed, and, in our judgment, it shows at least *prima facie* that the ditch which was the cause of plaintiff's injury was dug and left unguarded and unlighted by men who were acting under the authority of the city itself. In other words, the negligent act was the direct act of the defendant. Of course, in such a case, the rule that requires actual or

constructive notice to the city of the existence of the defect or obstruction in the streets causing the injury does not apply. Where the city creates the obstruction which causes the damage by its own direct act, it will be conclusively presumed to have notice of the obstruction. *Ringelstein* v. *City of San Antonio*, (Tex. Civ. App.) 21 S. W. 634; *Mayor* v. *Sheffield*, 4 Wall. 189; *Wilson* v. *Troy*, (N. Y. App.) 32 N. E. 44.

Counsel calls attention to the fact that no evidence was offered tending to show that the city, at the time the ditch was dug, or prior thereto, had created the office of street commissioner, and hence that the city could not be held responsible for acts done by a person not shown to be an officer of the city. It is true that no ordinance or other evidence was offered tending to show that such an office as street commissioner existed in the city at or prior to the time in question, and courts cannot take judicial notice that any city organized under the general law has such an office as street commissioner, because no such office or officer is named in the statute. Comp. Laws, § 893. Holcomb's testimony was competent to show that he was the acting street commissioner only when offered in connection with evidence that there was such an officer in the city. Holcomb's evidence would tend to show that he was at least a *de facto* officer, but there can be no such thing as a *de facto* officer until an office is shown to exist *de jure*. "The idea of an officer implies the existence of an office which he holds. It would be a misapplication of the terms to call one an officer who holds no office, and a public office can exist only by force of law." This language is quoted from an opinion of Mr. Justice Field. It will be found cited, with other authority in point, in Throop, Pub. Off. § 638. It therefore does not appear technically that the excavation in question was made under official authority. We think, however this does not relieve the city from liability in a case like this, where the evidence shows that the wrongful act was done by persons engaged in doing work which the law requires the city to do, and one of whom at least is shown to have been in the pay of the city at the time. While it

must be confessed that there is some conflict of judicial opinion upon the point, we think that the decided weight of authority will support the view that incorporated cities are impliedly liable for their wrongful acts where there is no express statute which makes them liable. This is the holding of the Federal Courts. *Weightman* v. *Washington Corp.*, 1 Black, 40; *Nebraska City* v. *Campbell*, 2 Black, 590; *Robbins* v. *City of Chicago*, 4 Wall. 657; *Barnes* v. *District of Columbia*, 91 U. S. 540, and numerous cases cited in the opinion. In the case last cited the court say "that a municipal corporation, holding a voluntary charter as a city or a village, is responsible for its mere negligence in the care and management of its streets. In this respect there is a distinction between the liability of such a corporation and that of a *quasi* corporation, like a county, town, or district. Whether or not this distinction is founded on sound principle, it is too well settled to be disturbed." See, also, *District of Columbia* v. *Woodbury*, 136 U. S. 450, 10 Sup. Ct. 990; Dill. Mun. Corp. § 1018, uses the following language: "Where the duty to keep streets in repair is in terms enjoined upon the corporate authorities, and they are supplied with the means to perform it, there is little difficulty, we think, in holding the corporation liable on the general principle of law, without an express statute declaring the liability." This rule was applied by the late Territorial Supreme Court in *Larson* v. *Grand Forks*, 3 Dak. 307, 19 N. W. 414. The doctrine of implied liability has the the support of a decided preponderance of authority, and we think also the better reason. We deem it unnecessary to make reference to additional cases, as those already cited fully sustain the doctrine of implied liability. As we find no error in the record, the judgment should be affirmed, and such will be the order of this court. All concur.