(88 N. W. Rep. 1033.)

---

## N. D. GAGNIER v. THE CITY OF FARGO.

---

**Negligence of Municipal Corporation.**

> Under the ordinances of the city of Fargo quoted in the opinion it is *held* that the plaintiff was rightfully riding his bicycle upon the sidewalk in question when injured, and that the city would

be liable for damages to the plaintiff, if, without fault on his part, he was injured by reason of the fact that such walk was not in reasonably safe condition for travel by pedestrians.

### Bicycle Riding on Sidewalk.

The trial court instructed the jury that the city would be liable for injuries suffered under such circumstances if the sidewalk was not in reasonably good and safe condition for public travel. *Held* error, as public travel on such walk includes traveling by persons by riding on a bicycle.

### Degree of Care.

The duty of the city is fulfilled, so far as bicycle riders are concerned, if the sidewalks are in condition for reasonably safe travel thereon by pedestrians.

Appeal from District Court, Cass County; *Pollock, J.*

Action by N. D. Gagnier against the city of Fargo. Verdict for plaintiff. From an order denying a new trial, defendant appeals. Reversed.

*H. F. Miller,* for appellant.

*Pierce & Von Neida,* for respondent.

MORGAN, J. On October 18, 1899, the plaintiff was riding on his bicycle on the sidewalks of the defendant city, and was thrown therefrom and injured. He brings this action to recover damages for such injury. The complaint alleges that the city "negligently suffered and permitted the sidewalk on which the injury occurred to be and remain unsafe, unsuitable and insufficient for the public use and travel thereon," and that such sidewalk was "rendered unsafe, unsuitable, and insufficient * * * by reason of the fact that many bricks had been removed therefrom, leaving a large, deep, and dangerous hole therein, * * * and also by reason of the fact that other bricks in said sidewalk, around the borders of said hole therein, were then and there loose, and not properly bedded upon the surface of the ground, so that pressure upon them would overturn them." The complaint further states, in substance, that while riding on such sidewalk on his bicycle on said day, and while in the exercise of due care, and without fault of his own, plaintiff was thrown from such bicycle by reason of such defective and unsafe conditions of such sidewalk, and injured. After a trial a verdict was rendered in his favor for the sum of $300. The defendant duly moved for a new trial upon a statement of the case duly settled, and such motion was denied. The city appeals from the order denying the motion for a new trial.

The assignments of error relate to alleged errors in giving instructions to the jury, errors of law in admitting testimony, the refusal to direct a verdict for the defendant, and the insufficiency of the evidence to justify or sustain the verdict. A consideration of

two of the assignments will suffice to decide the case as presented on the appeal. These two assignments pertain to the question whether the city is liable, in any event, for damages growing out of injuries caused while riding a bicycle on the sidewalks of the city, and whether the instructions to the jury, duly excepted to, correctly laid down the law as to the liability of the city for injuries to persons caused by defective sidewalks while such persons are riding thereon on bicycles.

The city of Fargo was incorporated as a city under the general law for the incorporation of cities. Under such general law the city council is vested with power to lay out streets, and to regulate the use of the same. Like power is vested in the council "to regulate the use of sidewalks." Section 2148, Rev. Codes. Under such general law the city council of Fargo enacted the following ordinances:

"Sec. 5. No person shall place, push, draw or back any wagon, cart or other vehicle on any sidewalk, or use, drive or ride any horse or other animal, wagon, sleigh or other vehicle thereon, unless it be in crossing the same to go into a yard or lot where no other suitable crossing or means of access is provided."

"Bicycle Ordinance.

"(1) Bicycles on Sidewalks of What Streets. No person shall ride any bicycle or tandem on the sidewalk of that part of any street or avenue upon which the roadway of such street or avenue is paved or on the west side of Eighth street South between Front street and Eighth avenue South or on Roberts street between Northern Pacific avenue and Second avenue South.

"(2) Shall Have Alarm—How Given—Speed. No person shall ride any bicycle or tandem on any street or avenue at any time without carrying an alarm bell or whistle, which shall be rung or sounded at least 75 feet before meeting or passing a person on a similar vehicle or on foot upon any sidewalk * * * and the speed of all bicycles or tandems shall be reduced to not more than five miles per hour while meeting or passing any person on any sidewalk."

In our opinion, § 5, given above, was not enacted with a view to prohibit the riding of bicycles on the sidewalks of the city of Fargo. The use of the word "vehicles" in the ordinance, it is claimed, gives it a sufficiently broad meaning to include bicycles. That the bicycle is now classed as a vehicle is true. Had the ordinance forbidden the use of all vehicles on the sidewalks, it would, without question, be a prohibition of the use of the bicycle on the sidewalks. But if that ordinance prohibits the use of bicycles on the sidewalks, it must be virtue of the fact that the word "vehicle" includes in its meaning a bicycle. The word "vehicle" is here used in connection with the words "wagon," "cart," and "sleigh," and was intended to include, and should be construed as limited to, other vehicles of a like character with those mentioned. This construction seems the more

reasonable in view of the provisions of the bicycle ordinance quoted above. If § 5. was intended to include within its provisions bicycles, then the passage of the ordinance prohibiting the use of bicycles on certain streets was unnecessary and accomplished nothing, and was an enactment the subject of which was already covered by ordinances already in force, or enacted at the same time. Construing the three ordinances together, effect can be given to all of them only by construing the first as not intended to include bicycles within its prohibition.

Coming now to a consideration of the bicycle ordinance, it is clear that § 1 is an express prohibition against riding the bicycle on the streets and avenues therein described. The injury of which the plaintiff complains occurred on Sixth avenue North between the points of intersection with Second and Third streets North. Sixth avenue North is not paved, and is not included within the district on which the riding of bicycles is prohibited under § 1. This brings us to the consideration of the provisions of the ordinance, in § 2 thereof, defining the conditions under which it shall be unlawful to ride bicycles on streets or avenues not included within the district in which the use of bicycles is absolutely prohibited. Under the language of such section, it cannot be said that the use of bicycles is absolutely prohibited or authorized. In effect, and by necessary implication, the language permits their use there if the conditions named are complied with. To ride a bicycle on the avenue where the accident occurred was not unlawful in itself, nor prohibited by an ordinance. The plaintiff was rightfully riding his bicycle there under a conditional authority given by the city and therefore with its assent. The matter of authorizing or prohibiting the using of the sidewalks by persons riding bicycles is within the powers delegated to city councils. Such councils may license the use of the sidewalks by such persons, or may entirely prohibit their use to persons riding bicycles. Although the sidewalks are primarily constructed and to be used by pedestrians, and the bicycle is a vehicle, that under some circumstances more properly belongs to the highway or street, still the council is empowered to regulate the conditions under which the sidewalks may be used by bicyclers, or to prohibit the use of the sidewalks by them entirely. This power is left to the discretion of city councils, as they can easily determine when the use of the sidewalks by persons riding bicycles is or may be dangerous, and when not dangerous, and necessary for the convenience, business, or pleasure of the traveling public. The following cases will be found instructive upon the question of the powers of city councils to regulate the use of streets and sidewalks for bicycles: *Lechner* v. *Village of Newark,* ( Sup.) 44 N. Y. Supp. 556; *Jones* v. *City of Williamsburg,* (Va.) 34 S. E. Rep. 883, 47 L. R. A. 294; *Swift* v. *City of Topeka,* 43 Kan. 671, 23 Pac. Rep. 1075, 8 L. R. A. 772; *Lee* v. *City of Port Huron,* (Mich.) 87 N. W. Rep. 637; *Holland* v. *Bartch,* 120 Ind. 46, 22 N. E. Rep. 83, 16 Am. St. Rep. 307.

The city having by these ordinances permitted persons to ride on the sidewalks under certain conditions and regulations, it follows that the plaintiff was not unlawfully riding his bicycle on the walk in question when the injury occurred. The city having thus permitted this sidewalk to be used by bicycle riders, what, if any, duty did it owe to such persons, so far as maintaining such walk in such condition that such use of it would not be attended with danger? In this state it has been held that cities owe it as a duty to pedestrians to keep the sidewalks in condition for safe travel, and that such cities are liable for damages occurring by reason of the negligence of the city in not keeping such walks in proper repair for safe travel thereon, and are so held liable although not made so by express statute. *Ludlow* v. *City of Fargo,* 3 N. D. 485, 57 N. W. Rep. 506. That sidewalks are not intended for use by vehicles in general cannot be disputed. That such walks are built to be used by pedestrians may be taken as true, also. That the bicycle is classed as a vehicle is also true. The authorities so hold, we believe, without exception, 4 Am. & Eng. Enc. Law, page 20, and cases cited; also cases hereinbefore cited; *Myers* v. *Hinds,* (Mich.) 68 N. W. Rep. 156; *Thompson* v. *Dodge,* 58 Minn. 555, 60 N. W. Rep. 545, 28 L. R. A. 608, 49 Am. St. Rep. 533. The city, by its enactments, made it rightful for the plaintiff to ride on the walk in question upon his bicycle. It did not thereby, nor is there any general law to that effect, assume any new obligation or duty to him while riding the bicycle on such walk. Its duty is to maintain the walk in suitable condition for pedestrians, and its duty to bicycle riders, to any greater degree than to pedestrians, cannot be predicated upon the mere fact of having granted permission to use the walks with bicycles. It is a matter of common knowledge and observation that a sidewalk in suitable condition for safe travel by pedestrians would not be safe for bicycle riders traveling thereon. A very slight defect in the walk or road often causes an accident to the bicycle rider, which could under no circumstances interfere with travel by pedestrians. The test whether the sidewalk is in safe condition for travel is that it must be safe for pedestrians, and not for those using bicycles. The trial court instructed the jury as follows: "Under the law, it is the duty of the defendant city to keep its sidewalks in reasonable good order and condition for the safe use and convenience of the traveling public. The defendant's duty to keep its sidewalks in a reasonably safe condition for travel applies to a defect in the construction, as well as the neglect to repair any injuries found therein. If you find from the evidence that the sidewalk in question was in an unsafe condition, and that the plaintiff was injured thereby without any contributory negligence upon his part, * * * then your verdict will be for the plaintiff." The defendant duly excepted to the giving of each of these instructions. The objection urged against them is that the city is to be held liable, under the rules therein laid down, if the sidewalks are not safe for travel by bicycle riders. The evidence in the case shows

that this walk was used by persons while riding on bicycles, and the jury must have understood from such instructions that these walks must be kept in condition for safe travel by the traveling public, including those persons riding bicycles. Such is not the law, and a different rule has been upheld even in cases where permission was granted to persons to ride their bicycles upon sidewalks upon payment of a sum of money as a license. The court, in *Sutphen* v. *Town of North Hempstead* (Sup.) 30 N. Y. Supp. 128, said: "It is apparent that a bicycle rider upon an ordinary country road is exposed to greater dangers than a person riding in a wagon, * * * but under the present highway laws a road in a condition which is reasonably safe for general and ordinary travel is all that the commissioners of highways are bound to maintain." In *Leslie* v. *City of Grand Rapids*, (Mich.) 78 N. W. Rep. 885, the supreme court of Michigan has said: "Where a street is kept in a reasonably safe and fit condition for ordinary vehicles, such as wagons and carriages, a town is not liable for injuries received by one thrown from her bicycle by reason of its defective condition." The same court reaffirmed the doctrine of the last case in *Lee* v. *City of Port Huron*, 87 N. W. Rep. 637, and used this language: "Comp. Laws, § 3441, requiring sidewalks to be kept in reasonable repair, and in a condition reasonably safe for travel, only requires that a sidewalk shall be kept in such repair as to render it safe for ordinary uses, and does not mean that it shall be kept in a safe condition for bicycle riding, though a lawful city ordinance authorizes such use." In *Morrison* v. *City of Syracuse*, (Sup.) 61 N. Y. Supp. 313, the court said: "One injured while rightfully riding a bicycle on the sidewalk cannot recover, if the sidewalk was in a reasonably safe condition for pedestrians, though it was not in a reasonably safe condition for bicycle riding." In *Wheeler* v. *City of Boone* (Iowa) 78 N. W. Rep. 909, 44 L. R. A. 821, the court says: "One injured while riding a tricycle on a sidewalk can recover only if the city was negligent in failing to keep the walk in suitable condition for people to walk over," etc   The instructions given by the trial court to the jury failed to inform the jury, directly or indirectly, that if the sidewalk in question was in a reasonably safe condition for travel by persons walking thereon, then the city would not be liable for plaintiff's injuries, caused while attempting to travel over the walk on his bicycle. Because the city has permitted the use of this street by persons riding a bicycle cannot be a ground for holding that such permission imposed upon the city additional responsibility to keep the walks in that extra good condition of repair required for safe travel by bicycle riders. It is well known that a higher degree of perfection in building and keeping sidewalks in repair would be required than at present if the city were compelled to keep the walks in condition for riding upon bicycles. A person riding a bicycle has a right to assume that the walk is in safe condition for pedes-

trians to use, and, if he is injured when the walks are in such condition, he cannot complain, and he must bear the loss, as he assumed the risk. If not in such condition, he can recover for injuries, if he acted without contributory negligence.

For these reasons, the order is reversed, a new trial granted, and the cause remanded for further proceedings according to law. All concur.