Fannie P. Stratton, Respondent, *v.* The City of New York, Appellant.

Streets and Highways — Negligence — New York (City of) — When City Not Liable for Injuries Alleged to Have Been Caused by Fall upon Incline Leading from Sidewalk to Pavement. A city is not liable for injuries alleged to have been caused by a pedestrian slipping, in daylight, upon a concrete incline, five or six feet long, sloping from the top of the curb to the pavement, a perpendicular height of about six inches, where it could not be reasonably apprehended that the incline would be dangerous, or that one using reasonable care would be more apt to slip and fall upon the incline than he would be to slip and fall in making the abrupt descent which otherwise would have been left between the sidewalk and the gutter; and especially where there was no evidence of accidents during the time the incline had been in use, except in two or three cases which were fairly attributable to other causes than those incident to the construction complained of.

*Stratton* v. *City of New York*, 117 App. Div. 887, reversed.

(Argued December 3, 1907; decided December 20, 1907.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 22, 1907, which reversed a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and an order denying a motion for a new trial and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Francis K. Pendleton, Corporation Counsel (James D. Bell* and *Patrick E. Callahan* of counsel), for appellant. The complaint was properly dismissed, as no negligence was shown on the part of the defendant in maintaining the runway, which, it is conceded, was not out of repair. (*Dougherty* v. *Vil. of Horseheads,* 159 N. Y. 154; *Jordan* v. *City of New York,* 44 App. Div. 149; 165 N. Y. 657; *Conlon* v. *City of St. Paul,* 70 Minn. 216; *Beltz* v. *City of Yonkers,* 148 N. Y. 67; *Hamilton* v. *City of Buffalo,* 173 N. Y. 72.)

*Charles P. Cowles* and *Justus A. B. Cowles* for respondent. The obstruction in Dean street, in consequence of

which the plaintiff fell and was injured, was improperly in the street; it served no useful or reasonable purpose; it was most unusual in its character and location and in its construction violated the ordinances of the city. It was a menace to pedestrians and had been allowed to exist for several years. The city is clearly liable for negligence in permitting its construction and maintenance. (*Turner* v. *City of Newburgh,* 109 N. Y. 301; *Dubois* v. *City of Kingston,* 102 N. Y. 219; *Robert* v. *Powell,* 168 N. Y. 411; *Dougherty* v. *Vil. of Horseheads,* 159 N. Y. 154; *Beltz* v. *City of Yonkers,* 148 N. Y. 67; *Hamilton* v. *City of Buffalo,* 173 N. Y. 72; *Cummings* v. *Vil. of New Rochelle,* 38 App. Div. 583; *Higgins* v. *B., Q. C. & S. R. R. Co.,* 54 App. Div. 69; *Brush* v. *City of New York,* 59 App. Div. 12; *Dickerman* v. *Weeks,* 108 App. Div. 257.) The obstruction complained of was an improper use of the street, and if the city authorized it, it was itself maintaining a nuisance; and even if it did not expressly authorize it, it was permitting the nuisance because it had existed so long it was bound to take notice of it. (*Mansfield* v. *City of New York,* 119 App. Div. 199; *Cohen* v. *Mayor, etc., of N. Y.,* 113 N. Y. 532; *City of New York* v. *K. T. Co.,* 52 Misc. Rep. 222; *Graham* v. *City of New Rochelle,* 120 App. Div. 414; *Myers* v. *City of Philadelphia,* 217 Penn. St. 159; *City of Chicago* v. *Jarvis,* 226 Ill. 614; *McKim* v. *City of Philadelphia,* 66 Atl. Rep. 340.)

HISCOCK, J. While plaintiff was attempting to cross Dean street, near the corner of Flatbush avenue, in the borough of Brooklyn, in daylight, she slipped on an alleged obstruction in the gutter of Dean street, which she claims had been so negligently allowed to remain there for a long time by the city that the latter is responsible for her injuries. This alleged obstruction consisted of a concrete construction about five or six feet long, sloping from the top of the curb to the pavement, the sloping surface being about eighteen inches wide and the greatest perpendicular height being about six inches. It was located at a point where a pedestrian would

naturally cross and had been there about six years. The plaintiff was traveling from the sidewalk towards the pavement and testified that she did not see it before stepping upon it and slipping. There was no evidence of prior accidents except that one witness in ascending from the pavement to the sidewalk had slipped a couple of times when the concrete was covered with snow or ice, and another witness going in the same direction upon one occasion had stumbled against it.

In the recent case of *Butler* v. *Village of Oxford* (186 N. Y: 444) this court formulated the general principles which govern the liability of a municipality with respect to such an accident as this in the following rule : " It is not an insurer and is not expected to maintain walks and streets in such an absolutely perfect condition as to render an accident impossible, but is expected to use reasonable care and prudence in detecting and remedying any defect which it might be fairly anticipated would be dangerous and liable to cause an accident," and in that case we decided that the defendant might not be held liable for injuries received by a traveler in the night time who had stumbled against the edge of a stone sidewalk which abruptly projected above an adjoining dirt sidewalk by a distance which varied from about two and a half inches in the center to about five inches at the edge of the walk.

We think that the principles involved in the decision of that case, when applied to the present one, lead us to hold that the appellant should not be made to respond for the mishap which the respondent has suffered.

In the first place it might be argued that the municipal authorities in the exercise of that judgment and discretion which is undoubtedly possessed by them in such matters were authorized to decide that the construction complained of, and which bridged the descent from the sidewalk to the pavement, would be a convenience and a help to travelers rather than an obstruction and a source of danger, and that the municipality would not be liable for an error of judgment in respect to the matter.

But aside from this consideration we do not think that

it could be reasonably apprehended that the construction employed would be a menace to travelers, or that one using reasonable care would be more apt to slip and fall upon it than he would be to slip and fall in making the abrupt descent which otherwise would have been left between the sidewalk and the gutter.

The evidence and lack of evidence upon the subject of prior accidents during the course of six years confirm this view. There is no evidence of such accidents except in cases which were fairly attributable to other causes than those naturally incident to the construction complained of.

The order of the Appellate Division should, therefore, be reversed, and the judgment upon the nonsuit affirmed, with costs in both courts.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN and CHASE, JJ., concur; EDWARD T. BARTLETT, J., dissents.

Ordered accordingly.