AUGUSTA BRAATZ v. CITY OF FARGO.

Opinion filed March 18, 1910.

**Municipal Corporations — Defective Sidewalks — Negligence.**

1. Plaintiff, while walking on the sidewalk along the south side of Front street where it intersects with Eleventh street, in the city of Fargo, became frightened by the whistle of a bicycle rider, who approached suddenly from the rear, and she, without looking, stepped off such walk and into a drainage ditch or gutter, which ran under such sidewalk at that point, receiving injuries. In an action against the city to recover damages for such injury, she alleges that such city was guilty of culpable negligence contributing to cause her injury, first, because it suffered weeds to grow in and about such ditch to such a height as to obscure the same from view; and, second, in not placing a cover over such ditch or a railing or guard along the edge of the walk at said point.

*Held,* that from plaintiff's own testimony it appears that the presence of the weeds in no manner contributed, either proximately or remotely, to plaintiff's injuries, she testifying, in effect, that she did not look where she was stepping, and hence was not misled or deceived as to the dangerous character of the place where she stepped by reason of the presence of such weeds.

**Municipal Corporations — Defective Sidewalks — Negligence.**

2. The sidewalk at the place in question was five feet in width, and concededly in good repair. The drainage ditch or gutter was constructed in the ordinary method for the purpose of carrying off surface water, and the height of the sidewalk above the bottom of such ditch was approximately from 18 to 24 inches.

*Held,* that the failure of defendant city to guard against possible accidents by covering such ditch, or by placing or maintaining a railing at the edge of the walk over such ditch, did not constitute actionable negligence on its part, as no careful or prudent person could reasonably anticipate that any such accident would happen to pedestrians using such walk.

**Municipal Corporations — Sidewalks — Streets — Reasonable Care.**

3. A municipal corporation is only required to guard against such dangers in its streets, which includes sidewalks, as can or ought to be anticipated or foreseen in the exercise of reasonable prudence and care.

Appeal from District Court, Cass county; *Pollock, J.*

Action by Augusta Braatz against the City of Fargo. Judgment for defendant, and plaintiff appeals.

Affirmed.

*Glassford & Lacy* and *E. E. Sharp,* for appellant.

Cities must keep highways in reasonably safe condition, and are responsible for neglect, although the negligent act of third party contributed to an injury received by city's lack of care. Village of Carterville v. Cook, 16 Am. St. Rep. 248; City of Joliet v. Shufeld, 38 Am. St. Rep. 453; Knouff v. Logansport, 84 Am. St. Rep. 292; Webster v. Hudson River R. R. Co., 38 N. Y. 260; Ring v. City of Cohoes, 77 N. Y. 83; North Penn. Ry. Co. v. Mahoney, 57 Penn. St. Rep. 187; Burrell v. Uncaper, 177 Pa. St. Rep. 353, 2 Am. St. Rep. 664; Smith v. New York, etc., R. R. Co., 46 N. J. Law, 7; Tailor v. City of Yonkers, 105 N. Y. 202, Shearman and Rerfield on Negligence, sections 36, 346; City of Joliet v. Verley, 85 Am. Dec. 342; Michigan City v. Boeckling, 23 N. E. 518; Gallagher v. City of St. Paul 28 Fed. 305.

City is liable for injuries arising from falling from a sidewalk of usafe height and unguarded, although a third person pushed him. Village of Carterville v. Cook, 22 N. E. 14, 4 L. R. A. 721.

Whether city was negligent in allowing weeds to grow in and about the ditch, was for the jury. Larson v. City of Grand Forks, 3 Dak. 307, 19 N. W. 414; Fugate v. City of Somerset, 29 S. W. 970; Miller v. International R. R. Co. et al., 102 N. Y. Supp. 254; Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359, 29 Cyc. 627; Slaughter v. City of Huntington, 61 S. E. 155, 16 L. R. A. (N. S.) 459; Ludlow v. City of Fargo, 3 N. D. 485, 57 N. W. 506.

*W. C. Resser,* for respondent.

Sidewalks must be in a reasonably safe condition, and whether they are so, is to be determined by the circumstances of each case. 2 Dillon Municipal Corporations (4th Ed.) section 1019; Stratton v. City of New York, 83 N. E. 40; Butler v. Village of Oxford, 79 N. E. 712.

City not liable for discretionary acts. Town of Spencer v. Mayfield, 85 N. E. 23; Gaskins v. City of Atlanta, 73 Ga. 746; City of Vincennes v. Spees, 35 Ind. App. 389, 74 N. E. 277, and cases cited; Stratton v. City of New York, supra; Butler v. Village of Oxford, supra.

City not liable for remote cause. Smith v. County Court of Kanawha County, 8 L. R. A. 82; Herr v. Lebanan, 16 L. R. A. 106; Chamberlain v. Oshkosh, 19 .L. R. A. 513; Schaeffer v. Jackson Township, 18 L. R. A. 100; Kidder v. Dunstable, 7 Gray. 104; 28 Cyc. 1394.

City is bound only for danger that can be anticipated by reason, care and prudence. 28 Cyc. 1366 (IV); Doulan v. Clinton, 33 Iowa, 397; Raymond v. Lowell, 6 Cush. (Mass.) 524; Bigelow v. Kalamazoo, 56 N. W. 339; Beltz v. Yonkers, 42 N. E. 401 and citations; Morris v. Philadelphia, 45 Atl. 1068; Burroughs v. Milwaukee, 86 N. W. 159; Depere v. Hibbard, 80 N. W. 933; Gosport v. Evans, 13 N. E. 256; Kleiner v. Madison, 80 N. W. 453.

Where there is no conflict as to the manner of construction of the ditch and sidewalk, matter of contributory negligence was for the court. Crocker v. City of Springfield, 110 Mass. 135; Riggs v. Standard Oil Co., 130 Fed. 199; Wilson v. Illinois Railroad, 71 N. E. 398; Claus v. Northern Steamboat Co., 89 Fed. 646; Mo. Pac. Ry. Co. v. Monlay, 57 Fed. 921; 29 Cyc. 631.

FISK, J. Plaintiff recovered a verdict for .$850 for personal injuries alleged to have been caused through the negligence of defendant city. A motion for judgment, notwithstanding the verdict, was made and granted, and judgment rendered in defendant's favor, from which the appeal is prosecuted.

The assignments of error relate wholly to the correctness of the ruling in granting such motion. The facts material to the legal questions presented are as follows: At the time of the accident plaintiff was walking westward on the sidewalk on the south side of Front street. Just as she reached the point where such walk crosses a drainage ditch running along the east side of Eleventh street and connecting with a ditch running along the south side of Front street just north of the sidewalk aforesaid, a man riding a bicycle, also traveling westward on said walk, came up suddenly behind plaintiff and whistled, whereupon she became scared and stepped off the sidewalk on the south side, stepping into the drainage ditch aforesaid, severely injuring her left foot. There is

some conflict in the testimony as to the depth of such drainage ditch at the point where plaintiff was injured, but we think it reasonably certain from the proof that such ditch was the ordinary drainage ditch constructed for the purpose of carrying off surface water, and that it was only about eighteen inches from the top of the sidewalk to the bottom of such ditch at said place, although plaintiff and her witnesses contend that it was two feet or more in depth. The accident happened in broad daylight. At the time the bicyclist whistled plaintiff was walking about one foot from the south edge of the sidewalk. This sidewalk, at the point in question ,was about five feet in width, and no contention is made that it was not in perfect repair. Weeds had been suffered to grow to a height sufficient to obscure from view such ditch.

The alleged negligence relied upon to sustain the recovery consists in defendant's allowing said drainage ditch to remain in the condition in which it was at the time of the injury without any guard or notice and in permitting weeds to obstruct the view of said ditch by pedestrians using such walk. By her own testimony plaintiff effectively eliminated from the case the latter ground relied on for sustaining the recovery. Suffering the weeds to obscure the ditch cannot possibly be considered as constituting the least cause, either proximate or remote, of plaintiff's injuries. She testified, "I didn't have time to look where I was stepping when he whistled." As the trial judge very properly said: "The plaintiff's own testimony negatives the idea that the weeds had any effect upon her act whatever. * * * The whistling of the approaching bicyclist, its touching her dress, her fright, her sudden movement to the left, and stepping off the walk were instantaneous. Under the testimony it clearly appears that no thought entered the mind of plaintiff that she was about to step into a safe place, and was thereby deceived by the weeds. In other words, with no weeds, her movement into the ditch would have been the same."

It remains for us to determine whether, under the facts when construed in the most favorable light for plaintiff, it can be said as a matter of law that defendant city was not guilty of actionable negligence in maintaining the sidewalk in the manner in which it was maintained at the point where the injury occurred. As the trial court very aptly stated, in effect, the city cannot be held liable unless it can be said that it owed a legal duty to pedestrians using such walk to place guards along the sides of the walk

at said point. If reasonable and prudent men might differ as to whether due care was exercised by the city in the premises to prevent accidents to such pedestrians, then error was committed in the ruling complained of.

What we deem a correct statement of the rule by which to measure the duty and liability of municipalities under alanogous facts is announced by the Court of Appeals of New York in the recent case of Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401. There the plaintiff, while walking upon a sidewalk of stone flagging. eight feet in width, stepped into a depression in the center of the walk about two and a half inches deep, which had been caused by the removal of a portion of the stone flagging which had become broken, and received the injuries complained of. In holding the evidence insufficient to warrant a submission of the case to the jury it was said: "It is scarcely necessary to repeat here, what has often been said before, that a city is not responsible for every accident that may happen in its streets resulting in personal injuries. With the greatest vigilance and the utmost foresight there will still be accidents for which no one, in any legal sense, is to blame. In many such cases, however, when an accident does happen the human mind can see and suggest many ways by which it could have been avoided. In this case the jury had the right to assume that the authorities of the city, whose duty it was to keep the streets in repair, either knew or should have known of the condition of this walk at the point in question if it was such a defect as reasonable care would require them to notice. Of course, a city cannot be required to keep streets in such condition as to insure the safety of travelers under all circumstances. The measure of its duty in this respect is reasonable care, and it is liable only for neglect to perform this duty. There are very few, if any, streets or highways that are or can be kept so absolutely safe and perfect as to preclude the possibility of accidents, and whether in any case the municipality has done its duty must be determined by the situation and what men knew about it before, and not after, an accident. When the defect is of such a character that reasonable and prudent men may reasonably differ as to whether an accident could or should have been resonably anticipated from its existence or not, then the case is generally one for the jury; but when, as in this case, the defect is so slight that no careful or prudent man would reasonably antici-

pate any danger from its existence, but still an accident happens which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibility is one of law. Assuming that the defendant's officers were men of reasonable prudence and judgment, could they, in the reasonable exercise of these qualities, have anticipated this accident, or a similar one, from the existence of this depression in the walk? They could undoubtedly have repaired it at very little expense, but the omission to do so does not show, or tend to show, that they were negligent, unless the defect was of such a character that a reasonably prudent man should anticipate some danger to travelers on the walk if not repaired. If the existence of such a defect is to be deemed evidence of negligence on the part of a city, then there is scarcely any street in any city that is reasonably safe within the rule, and when accidents occur the municipality must be treated practically as an insurer against accidents in its streets The law does not prescribe a measure of duty so impossible of fulfillment, or a rule of liability so unjust and severe. It imposes upon municipal corporations the duty of guarding against such dangers as can or ought to be anticipated or foreseen in the exercise of reasonable prudence and care. But when an accident happens by reason of some slight defect from which danger was not reasonably to be anticipated, and which, according to common experience, was not likely to happen, it is not chargeable with negligence. Hubbell v. Yonkers, 104 N. Y. 434 (10 N. E. 858, 58 Am. Rep. 522) ; Hunt v. Mayor, etc., 109 N. Y. 134 (16 N. E. 320) ; Goodfellow v. Mayor, etc., 100 N. Y. 15 (2 N. E. 462) ; Clapper v. Town of Waterford, 131 N. Y. 382 (30 N. E. 240) ; Craighead v. Brooklyn City R. R. Co., 123 N. Y. 391 (25 N. E. 387) ; Lane v. Town of Hancock, 142 N. Y. 510 (37 N. E. 473)."

It will be noted that in the foregoing case the defect complained of was in the walk itself which was negligently suffered to remain in such defective condition for several years. We understand the well-settled rule upon the subject to be as above stated by the New York court. Following is a statement of the rule by Judge Dillon: "A municipal corporation is not an insurer against accidents upon the streets and sidewalks. Nor is every defect therein, though it may cause the injury sued for, actionable. It is sufficient, we think, if the streets (which include sidewalks and bridges thereon) are in a reasonably safe condition for travel in the

ordinary modes, by night as well as by day, and whether they are so or not is a practical question, to be determined in each case by its particular circumstances." 2 Dillon Munic. Corp. (4th Ed.) section 1019. See, to the same effect, Butler v. Village of Oxford, 186 N. Y. 444, 79 N. E. 712; Stratton v. City of New York, 190 N. Y. 294, 83 N. E. 40; 36 Cent. Dig. Munic. Cor., sections 1624, 1625; Town of Spencer v. Mayfield, 43 Ind. App. 134, 85 N. E. 23.

In the case at bar appellant's contention, in effect, is that defendant city in adopting the plan of construction of this sidewalk was guilty of culpable negligence in not providing a railing or barrier to prevent pedestrians from stepping off the walk and into such ditch. We think the correct rule for measuring the duty and liability of municipalities with reference to the plan for the construction of public improvements, and the maintenance of such improvements when completed, to be as stated by the New York court in Beltz v. City of Yonkers, supra, to the effect that it owes a duty to the public using such improvements of guarding against such accidents as can or ought to be anticipated by the exercise of reasonable care and prudence. If, according to common experience, danger from slight defects could not have reasonably been anticipated, and was not likely to happen in the light of common experience, the municipality may not be held liable for negligence. As said in Town of Spencer v. Mayfield, supra: "A municipal corporation is only required to guard against such dangers in its streets as can or ought to be anticipated or foreseen in the exercise of reasonable prudence and care." Judge Dillon, in his work on Municipal Corporations, vol. 2 (4th Ed.) section 1005, states the law as follows: "Thus towns are not necessarily bound to fence or erect barriers to prevents travelers from getting outside of the road or way. A municipal corporation may determine for itself to what extent it will guard against mere possible accidents, and if it be not guilty of negligence, the judicial tribunals are not to say it shall suffer in damages for not giving to the public more complete protection, since that would practically take the administration of municipal affairs out of the hands to which it had been intrusted by law." We are firmly impressed both with the correctness and justice of the rule as above announced. To hold municipalities to a higher degree of care would be, in effect, requiring them to become insurers of the safety of their streets and walks, which is not exacted by any court. In addition to the fore-

going authorities, see Canavan v. Oil City, 183 Pa. 611, 38 Atl. 1096, the syllabus in which is as follows: "A municipality is not liable for personal injuries caused by a fall into an uncovered gutter at a street crossing, where it appears that the gutter is a common, approved method of construction of crossings in cities and boroughs."

Appellant's counsel place much reliance upon the case of City of Olathe v. Mizee, 48 Kan. 435, 29 Pac. 754, 30 Am. St. Rep. 308. That case is not in point, and is expressly differentiated from a case like the one at bar. There an excavation had been made in the traveled portion of a street about 20 inches deep and 20 inches wide, for the purpose of laying a drain pipe to carry off water. It extended from a cross-walk southward. Such ditch extended up to the cross-walk, and was left unguarded, and plaintiff, in attempting to cross the street, stepped into such ditch and was injured. The court very properly held the city liable. In the opinion, however, the following language appears: "It was its duty to keep, not only the cross-walks, but the entire width of the street, in a reasonably safe condition for both pedestrians and teams. It was one of the principal thoroughfares of the city; and, in the absence of any guards, lights, or notices of danger, Mrs. Mizee had a right to presume that all parts of it could be traveled with safety. A divergence or departure from the cross-walk is ordinarily not an evidence of want of care. Pedestrians have a right to cross a street at any point, and it is the common practice to do so. A difference in this respect exists in sidewalks and cross-walks, as the former are for pedestrians only, while the latter are placed on a level with the street, and are traveled over by both passengers and vehicles."

As before stated the facts in the case at bar disclose that the ditch into which plaintiff stepped is the ordinary drainage ditch or gutter constructed in the usual method, and that the sidewalk at the point where it crosses such ditch was in perfect condition. Therefore, in the light of the well-settled rule announced in the foregoing authorities, we think it clear that no careful or prudent person would reasonably anticipate any danger to pedestrians using the walk at said place, even conceding that the depth of the ditch was as stated by plaintiff and her witnesses. All the facts conclusively refute the idea that such an accident could reasonably have been foreseen or anticipated. To hold that the city owed a

—35—

duty to cover such ditch, or to place a guard rail at the side of the walk where it crosses such ditch, would be manifestly unreasonable. There is nothing in the prior decisions of this court cited by appellant's counsel holding contrary to the views here expressed, and counsel have failed to call to our notice any authority sustaining a recovery under facts analogous to those in the case at bar

The conclusion we have reached renders it unnecessary to notice the other questions presented. ·

Judgment affirmed. All concur.

(125 N. W. 1042.)

Note—See note to Heckman v. Evenson, 7 N. D. 182, also note to Pewonka v. Stewart, 13 N. D. 122. One lawfully riding a bicycle on a sidewalk, can recover from a city for injuries received from a walk not in a reasonably safe condition. Gagnier v. Fargo, 11 N. D. 73, 88 N. W. 1030. "Public travel" includes travel by bicycle. Id. City has fulfilled its duty to bicyclists if the sidewalks are reasonably safe for pedestrians. Id. City auditor is the proper person upon whom to serve notice of claim for damages. Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359. Aggravation of consequences of a personal injury upon sidewalk, by use of opiates by advice of physician, not a defensive matter, as the necessity for such use arises from city's, not the injured person's negligence. Id. Notice of claim for injuries describing the place of injury as about thirty feet from a point, when it is twenty, is sufficient. Johnson v. Fargo, 15 N. D. 525, 108 N. W. 243. Whether a wire at the edge of sidewalk, attached to stakes driven close thereto, and extending along the walk to the top of a fruit booth, etc., is an obstruction to the sidewalk, is a question for the jury. Id. Whether plaintiff is guilty of contributory negligence, or defendant of negligence, are questions for the jury. Id.