CHARLES N. JOHNSON v. CITY OF FARGO.

Opinion filed June 5, 1906.

**Municipal Corporations — Defective Sidewalks — Notice of Injury.**

1. The notice of injury on a street or sidewalk of a city, provided for by section 2172, Rev. Codes 1899, presented to the proper city officials in this case, is not insufficient or fatally misleading when it describes the place of injury as about thirty feet from a fixed point, when it is only twenty-four feet therefrom.

**Same — Obstruction on Sidewalks — Question for Jury.**

2. Whether a wire attached to a stringer at the outer edge of a sidewalk, or to stakes driven in the street very close to the sidewalk and extending along the sidewalk to the top of a fruit booth, six feet higher than the sidewalk, and eight feet from the place where the wire is attached to the stakes or sidewalk, is an obstruction on the sidewalk, is a question of fact for the jury.

**Same — Negligence.**

3. Whether a plaintiff is guilty of contributory negligence, and whether a city is guilty of negligence in permitting an obstruction to continue on a sidewalk, are ordinarily questions of fact for a jury.

Appeal from District Court, Cass county; *Pollock, J.*

Action by Charles N. Johnson against the city of Fargo. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Seth Newman,* for appellant.

No proper claim was presented to the mayor and council. It alleged the locus in quo to be "about 30 feet" from a point, and testimony shows it was about 15 feet. The object of the notice is to protect the municipality, and enable it to make proper investigation. Trost v. The City of Casselton, 8 N. D. 534, 79 N. W. 1071.

Plaintiff was guilty of contributory negligence, and defendant's motion for a directed verdict should have been granted. Indianapolis Ry. Co. v. Zaring, 71 N. E. 270; Indianapolis Ry. Co. v. Marschke, 70 N. E. 494; Indianapolis Ry. Co. v. Tenner, 67 N. E. 1044; Patterson v. Hemenway et al., 19 N. E. 15; Pinnix v. Durham, 41 S. E. 932; Ill. Cen. R. R. Co. v. Dick, 15 S. W. 655; Massey v. Seller, 77 Pac. 397; Cook v. Atlanta, 19 S. E. 987: McLaury v. The City of McGregor, 7 N. W. 91; Alline v. City of LeMars, 33 N. W. 160; Tuffree v. State Center, 11 N. W. 1; Cres-

sey v. Town of Postville, 12 N. W. 757; Yahn v. City of Ottumwa, 15 N. W. 257; Hutchins v. Priestley Express Wagon Co., 28 N. W. 85; Bedell v. Berkey, 43 N. W. 308; Schofield v. Ch. M. & St. P. Ry. Co., 114 U. S. 615 S. C., 29 L. Ed. 224; C. R. I. & P. Ry. Co. v. Houston, 95 U. S. 697 (S. C.), 24 L. Ed. 542; Klutt v. Phil. R. Co., 133 Fed. 1003; Claus v. N. Steamship Co., 89 Fed. 646; Moore v. Richmond, 8 S. E. 387; Donaldson v. M. & St. P. Ry. Co., 21 Minn. 293; Brown v. M. & St. P. Ry. Co., 22 Minn. 165; Smith v. Minn. & St. L. Ry. Co., 26 Minn. 419; Johnson ɪ. Ramberg, 51 N. W. 1043; Sparks  v.  Serbrecht, 45 N. Y. 993; O'Dwyer v. O'Brien, 43 N. Y. 815; Bauman v. Met. St. Ry., 47 N. Y. 1094; Fuller v. Dedrich, 54 N. Y. 593; Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580; Whalen v. Citizens' Gas. Co.. 45 N. E. 363; Hausman v. City of Madison, 55 N. W. 167; Hutchins v. Priestley Express Wagon Co., 28 N. W. 86.

There is no proof of negligence on the part of the city. It exercises reasonable care when it repairs defects in its walks within a reasonable time after notice, actual or constructive. Plaintiff's conclusion that he caught his foot in the obstruction, from an examination the next day, does not carry the presumption that it was there the day before. A presumption is not retrospective. Jarvis v. Vanderford, 21 S. E. 302; Martin v. Curtis, 31 Atl. 296; Singler v. Murphy, 77 N. W. 577; Brentner v. Chicago, M. & St. P. Ry. Co., 12 N. W. 615; State v. Hubbard, 15 N. W. 287; Hoyt v. City of Des Moines, 41 N. W. 63; Blank v. Township of Lavonia, 44 N. W. 157.

The exceptions to the rule are cases where from the notice of the defect, it must have existed long previous. Miller v. N. P. R. Co., 30 N. W. 892; City of Bloomington v. Osterle, 28 N. E. 1068; Mixter v. Imp. Coal Co., 25 Atl. 587; Johnson v. City of St. Paul, 54 N. W. 735.

*Barnett & Richardson,* for respondents.

Notice to the mayor and council was sufficient. Robin v. Bartlett, 13 Atl. 645; Trost v. City of Casselton, 8 N. D. 534; Cowan v. Inhabitants, etc., 56 Atl. 901; Fopper v. Town of Wheatland, 18 N. W. 514; Coffin v. Town of Palmer, 38 N. E. 509; Weber v. Town of Screenfield, 42 N. W. 101; Citing White v. Stowe, 54 Vt. 510.

The city's negligence was a question for the jury. Baxter v. City of Cedar Rapids, 72 N. W. 720.

Neither abutting owners or others can obstruct sidewalks. Callahan et al. v. Gilman, 14 N. E. 64; Davis et al. v. Mayor of City of N. Y., 14 N. Y. 506; Com. v. King, 13 Metc. 115; Com. v. Blaisdell, 107 Mass. 234; Freeman's Note, 1 Am. State Rep. 840; State v. Edens, 84 N. C. 526; Com. V. Wentworth, 4 Clark, 324; Shopp v. City of St. Louis, 22 S. W. 898.

Towns must keep roads in repair, not only as to surface and margins, but as to muniments; Glidden v. Reading, 38 Vt. 52; Lindsey v. Densville, 45 Vt. 72; Elliott on Roads and Streets (2d Ed.) 621; Gallamore v. City, 75 Pac. 978; Stafford v. City of Oskaloosa, 11 N. W. 668; Coffey v. City, 85 S. W. 532.

Sidewalks are portions of the highway. City of Chicago v. O'Brien, 53 Am. Rep. 640; Johnson v. City, 57 Atl. 363; City of Macon v. Holcomb, 69 N. E. 79; Coffey v. City, supra.

Side of street or sidewalk is a material part of it, and must be kept clean as well as other portions of it. Bunch v. Edenton, 90 N. C. 431; Bacon v. Boston, 3 Cush. 174; Houfe v. Town of Fulton, 29 Wis. 296; Wheeler v. Town of Westport, 30 Wis. 392; Kelly v. Town of Fon Du Lac, 31 Wis. 179; Burnes Administratrix v. Town of Elba, 32 Wis. 605; Cremer v. The Town of Portland, 36 Wis. 92; Kenworthy v. The Town of Ironton, 41 Wis. 647; Cartwright v. Town, 58 Wis. 370; Fitzgerald v. City, 64 Wis. 207; Stricker v. Town 93 Wis. 460, 77 N. W. 897; Gorr v. Mattlesteadt, 96 Wis. 296; City v. Lowery, 74 Ind. 520.

Traveler may cross a street at any point without being liable to imputation of neglect. Brusso v. Buffalo, 90 N. Y. 679, citing Raymond v. Lowell, 60 Cush. 524, 530; Rea v. City of Sioux City, 103 N. W. 949; Pike v. City of Jamestown, 15 N. D. 157, 107 N. W. 359; Lincoln v. City of Detroit, 59 N. W. 617; Raymond v. Lowell, 6 Cush. 524; City of Louisville v. Johnson, 69 S. W. 803; Cotteril v. Starkey, 8 Car. & P. 691; Boss v. Litton, 5 Car. & P. 407; Griffin v. City of Boston, 65 N. E. 811; Miller v. Lewiston Co., 62 Atl. R. 32.

Suspension of a wire or other articles above the surface of a walk is an obstruction and is just as reprehensible as the obstruction of the surface itself by digging a ditch or otherwise. Larson v. Tobin, 44 N. W. 1078; Cremer v. The Town of Portland, 36 Wis. 92.

The jury could find from the length of time that the wire had been there that the city had notice. Hayes v. Town of Hyde Park, 27 N. E. 522; Pyke v. City of Jamestown, supra.

Negligence is always a question for the jury under proper instruction.  21 Am. & Eng. Enc. Law, 502, 503, 506, 507.

There was no negligence in going to the edge of the sidewalk, as respondent had a right to suppose that there were no impediments or pitfalls in any part of the street.  Guffin v. City of Boston, 65 N. E. 811; Durant v. Palmer, 29 N. J. 544; City v. Augem, 48 N. E. 318; Griffin v. City, 65 N. E. 811; Monongahela City v. Fischer, 56 Am. Rep. 241; Gordon v. City of Richmond, 2 S. E. 727; Baker v. City of Grand Rapids, 69 N. W. 740, citing Thomp. Neg., section 387; Lincoln v. City, 101 Mich. 345; City Council v. Wright, 47 Am. Rep. 422; Barnes v. Town of Marcus, 65 N. W. 984; Heckman v. Evenson, 7 N. D. 173; Mathews v. City, 45 N. W. 894; Murphy v. Railway, 38 Iowa, 539; Messenger v. Plate, 42 Iowa, 443; Smith v. City, 74 Pac. 674.

Respondent was not guilty of contributory negligence in failing to observe the wire.  Wall v. Town, 39 N. W. 560; Brush Electric Lighting Company v. Kelly, 25 N. E. 812; City of Louisville v. Keher, 79 S. W. 270; City v. Harris, 113 Ill. App. 633; City v. Trammel, 109 Ill. App. 524; Jennings v. Van Schaick, 15 N. E. 424; Bettingill v. City, 116 N. Y. 558; Turner v. Newburgh, 109 N. Y. 301; Jorgenson v. Squires, 144 N. Y. 281; Houghtaling v. Shally, 51 Hun. 599; Babbage v. Powers, 130 N. Y. 281; Harris v. Uebelhoer, 75 N. Y. 175; Chilsholm v. State, 36 N. E. 184, citing McQuire v. Spense, 91 N. Y. 303; Weed v. Village, 76 N. Y. 329; Brusso v. Buffalo, 90 N. Y. 679.

One running to a fire on the street in a dark night is not guilty of negligence.  Jennings v. Van Schaick, 15 N. E. 242; Shook v. City of Cohoes, Id. 531; Stevens v. City of Logansport, 76 Ind. 498; Noblesville Gas & Imp. Co. v. Loehr, 24 N. E. 579; Barr v. Kansas City, 16 S. W. 483; Barry v. Ferkildsen, 13 Pac. 657; Cantwell v. City, 37 N. W. 813; West v. City, 61 N. W. 313; Mahnke v. R. R., 29 So. 52; LeBeau v. Telephone Co., 67 N. W. 339; City of Chicago v. Babcock, 32 N. E. 271; Fuller v. Hyde Park, 37 N. E. 782; Words v. City of Boston, 121 Mass. 337; Mayo v. R. R., 104 Mass. 137; France v. R. R., 116 Mass. 537; Hill v. Seekonk, 119 Mass. 85; Hunt v. Salem, 121 Mass. 294; Bruch v. City, 37 Atl. 818; Heckman v. Evenson, 7 N. D. 173.

MORGAN, C. J.  Plaintiff brought this action to recover damages for a personal injury alleged to have been caused by an obstruction upon one of defendant's streets.  The complaint alleges

the injury to have been caused in the following manner: "That on or about the 24th day of March, A. D. 1904, at about the hour of 10 o'clock p. m. of said day, said plaintiff was lawfully upon the sidewalk on the east side of Fifth Street South, in the city of Fargo, North Dakota, about 30 feet from the intersection of Fifth Street South and Front street in said city, and moving southward on said sidewalk, when said plaintiff was then and there tripped up by a wire guy rope attached to said sidewalk and the other end of said rope attached to a fruit or notion stand on wheels, which stood on the street with the hind wheels of said stand against the curbing." Other material facts are that said fruit stand was about 10 feet long and 6 feet wide and 7 feet high from the street, and about 6 feet above the sidewalk. The sidewalk was 10 feet wide at this point. The wire was attached to the top corners of the stand, and fastened either to a stringer of the sidewalk, or to posts driven into the street. The wire was attached to the posts, or to the stringer, about eight feet south of the fruit stand. Just how the wire was attached is a matter of some dispute, but we do not think that the discrepancy in the testimony of the witnesses can affect the result. The plaintiff testifies that the wire was fastened to the top of the corner of the fruit wagon, and therefrom ran down to and around a stringer of the sidewalk; that it reached the stringer, going between the planks of the walk, and, after being placed around the stringer, came out between the planks, and was then fastened to the wire and a loop was thus formed at a distance of 11 inches from the outer edge of the walk. Plaintiff is the only witness that testifies that a loop was formed on the sidewalk. Other witnesses testify that the wire was attached to a stringer of the walk, but they testify that it was so fastened that no loop was formed, and that the wire did not extend on and above the sidewalk at all, but at the outer edge thereof. Other witnesses testify that the wire was attached to posts in the street, and not attached to the walk at all, but within an inch or two of it. Under this evidence the manner in which the wire was attached was a question for the jury. The finding of the jury is not attacked, as no motion for a new trial was made.

The defendant contends that the evidence conclusively shows that the defendant was not guilty of any negligence, and that the motion for a directed verdict, seasonably made, should have been granted. If the evidence conclusively shows that the defendant

was not guilty of any actionable negligence, the action of the trial court in denying the motion was erroneous. If, however, the evidence does show negligence, or the evidence leaves the question of negligence in doubt, so that reasonable men might arrive at different conclusions, then it was not error to deny the motion, and the question of negligence was a proper one for the jury. The evidence is such that we cannot say as a matter of law that there was no negligence.

The contention is that the wire was not an obstruction on the sidewalk, but was an obstruction in the street, if an obstruction at all. Whether the wire was over the walk, or at the end thereof, and attached to a stringer, or attached to posts in the street so close to the walk as to be practically a part of the walk, is not material upon the phase of the case now under consideration. The question is, Was the wire as attached an obstruction on the sidewalk? We think that it was a question for the jury to determine. In effect, and when considered in connection with the right of a pedestrian to walk at the outer edge of a walk, or to leave the sidewalk to go upon the street, it was an obstruction. It was attached to the sidewalk, or so close thereto as to render it impossible to leave the sidewalk at that point without being obstructed by it. Pedestrians are not, as a matter of law, compelled to keep upon the walk or cross-walks at all times. They may leave the walk and go upon the street as convenience demands or seems to demand, without having negligence imputed to them as a matter of law. When occasion demands their leaving the sidewalk, or seems necessary, or is convenient, they have a right to presume that the street and sidewalk are free from dangerous obstructions. As stated in the syllabus in Heckman v. Evenson, 7 N. D. 173, 73 N. W. 427: "A foot passenger in a city is not limited to traveling on the sidewalks or cross-walks. He may, while exercising due care in so doing, walk along or across a street, and may leave the sidewalk at such points as suits his convenience, and he has a right to presume and act upon the presumption that the street is reasonably safe and free from dangers to travelers for its entire width." In Wheeler v. Westport, 30 Wis. 392, it was said: "It has been laid down as a correct rule in such cases that, even though there be a defect or obstruction in the limits of the highway as located, if it is not in the traveled part of the road, nor so connected with it as to affect the safety or convenience of those using the traveled

path, the town is not responsible for any injury sustained in consequence of it. * * * It cannot be said that the boulders here were unconnected with the traveled path. They were so connected with it, and so closely as to make it almost true that they formed a part of it." See, also, Morgan v. City of Hallowell, 57 Me. 376; Bunch v. Edenton, 90 N. C. 431; Slivitski v. Town of Wein, 93 Wis. 460, 67 N. W. 730; Johnson v. City of Louisville (Ky.) 69 S. W. 803; Brusso v. City of Buffalo, 90 N. Y. 679.

It is claimed that the defendant city had neither actual nor constructive notice of the obstruction complained of. The evidence is uncontradicted that the booth was blown down in September, 1903, and that it was guyed up by wires immediately thereafter. The injury occurred on March 24th following. The obstruction had therefore existed for nearly seven months. It is· not shown that the city had actual notice of the obstruction. Some of the city officials had seen it, but it is not shown that such officers had any duty to perform to the city in respect to the condition of the street or sidewalk. Actual notice is not necessary before a liability is incurred. If the obstruction had been there so long that the city officers having a duty in regard to the condition of the streets were presumed to have seen it, notice is imputed to the municipality. We are satisfied as a matter of law that the city authorities should be presumed to have had notice of the obstruction. It is, however, a proper question to be submitted to the jury in case of doubt. It certainly cannot be said that the evidence shows conclusively as a matter of law that the city had no constructive notice. Beach on Munic. Corporations, section 1521, and cases cited; Baxter v. Cedar Rapids (Iowa) 72 N. W. 790; Elliot on Roads, p. 461; Hayes v. Town (Mass.) 27 N. E. 522, 12 L. R. A. 249.

It is contended that the plaintiff was guilty of contributory negligence, and cannot, therefore, recover. The injury occurred at about 10 o'clock at night. The plaintiff was on his way home, when he saw a building on fire not far from where he was then standing, on Front street near Fifth Street South. He turned around and walked on the sidewalk a short distance, and was tripped up by the wire and fell off the sidewalk into the street. The street was about one foot below the sidewalk. He was walking fast and looking at the fire when he was tripped up. An effort is made to show that he was running when he struck the wire. We do not think the evidence supports that contention. We cannot ·say that

contributory negligence is shown as a matter of law. The jury expressly found that he was not guilty of such negligence. We think it was peculiarly a proper case to be submitted to them on that question. Contributory negligence is generally a question for a jury. Unless the facts are such that but one conclusion can be arrived at, it is a question for the jury. If the question is doubtful, and different persons might reasonably arrive at opposite conclusions, it is always to be submitted to a jury. In Heckman v. Evenson, 7 N. D. 173, 73 N. W. 427, it was said: "But, not knowing of their presence and not seeing them [stones], was he negligent in stepping down without ascertaining the condition of the street? We cannot say as a matter of law that he was, unless we disregard that other principle which declares that he may rightfully presume that the street is reasonably safe and free from dangers, and act upon that presumption. If a party must be charged with negligence in making a step in advance when he does not clearly see where he is stepping, then, of course, all presumptions that the street is safe are swept away." The plaintiff, in speaking of his not having seen the wire, says, "It was dark in there," evidently meaning in the shadow of the booth. It is urgently insisted that the place of the injury was well lighted at that time, and that he could, if he had exercised ordinary care, have seen the wires. We cannot so hold as a matter of law. It was properly submitted to the jury. Under the evidence we cannot say that contributory negligence was conclusively shown. It is not always incumbent on a person while on the sidewalk to keep constant watch on the walk ahead of him. Heckman v. Evenson, supra; Pyke v. Jamestown, 14 N. D. 157, 107 N. W. 359; T. Thomp. Neg. 1197. See, also, A. & E. Enc. L. 506, and cases cited; Barnes v. Town (Iowa), 65 N. W. 984; Wall v. Town (Wis.), 39 N. W. 560; Penrose v. Fehr (Mich.),, 71 N. W. 862, 67 Am. St. Rep. 479; Baxter v. City, supra; Draper v. Town of Ironton, 42 Wis. 699.

When the motion to direct a verdict was made, the evidence would not justify a direction to the jury that the evidence conclusively showed as a matter of law that the plaintiff was guilty of contributory negligence. It is claimed that no sufficient notice of the injury was presented to the mayor and city council. It is claimed that the location of the place on the walk when the injury occurred was not correctly given. In the notice it was stated that the injury occurred 30 feet south of the intersection of the Front street side-

walk with the Fifth street sidewalk. The evidence shows that the north end of the booth was 10 feet from Front street. The booth was 6 feet wide. The place of injury was about 8 feet south of the booth. This would make the actual distance from the intersection of the Front street sidewalk with that of Fifth Street South to be about 24 feet. We do not think that a variance of 6 feet necessarily renders the notice insufficient or misleading. This is especially true in view of the fact that the notice stated that the wire was attached to the booth, which would aid the city in locating the place of injury. Absolute certainty is not necessary as to the place. Reasonable certainty is all that is required. "The notice should point out as directly and plainly to the place of the injury as is reasonably practicable, having regard to its character and surroundings." White v. Stowe, 54 Vt. 510. See, also, Beach on Pub. Cor, section 1527. The statute requires that notice shall be given "describing the time, place, cause and extent of the damage or injury." Section 2172, Rev. Codes 1899. The notice was sufficiently accurate and definite, and not misleading. The object to be attained by the notice is to give the city an opportunity to investigate as to its liability and as to plaintiff's injury. Plum v. Fond du Lac, 51 Wis. 393, 8 N. W. 283.

This disposes of all the assignments of error. It follows that the judgment must be affirmed. All concur.